Filed 12/18/13  P. v. Banks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059148 |
| v. | (Super.Ct.No. RIF10005360) |
| PAULA JANE BANKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.
Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

In 2010, defendant and appellant Paula Jane Banks pleaded guilty to one count of
felony possession of methamphetamine.  She was granted drug rehabilitation probation
under Proposition 36.  In 2013, the trial court found that defendant had violated the terms

1

of her drug court probation, revoked her probation, and sentenced her to state prison. Defendant appeals.

FACTS AND PROCEDURAL HISTORY

In August 2010, defendant was charged by a felony complaint with one count of possession of methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a), and one misdemeanor count of possession of drug paraphernalia, in violation of Health and Safety Code section 11364. The felony complaint alleged as enhancements that defendant had suffered two prior prison terms for other offenses, and did not remain free from custody for a period of five years. (Pen. Code, § 667.5, subd. (b).)

At arraignment on the complaint, defendant agreed to enter a guilty plea to the felony charge, and to admit one of the prison term priors; the court dismissed the misdemeanor count in the interest of justice, and ordered the second prison term prior stricken. The court accepted defendant's oral statement on the record as the factual basis for the plea. The transcript of that hearing has not been provided in the record on review. The agreement was that defendant would be admitted to probation under Proposition 36, including conditions that she participate in drug rehabilitation programs and testing. Defendant's maximum confinement exposure for the conviction was four years.

In March 2013, the People filed a notice of hearing for an alleged violation of defendant's probation. The petition alleged that defendant had been arrested in March 2011 for shoplifting, and she eventually pleaded guilty to petty theft with priors (Pen.

2

Code, § 666).  In May 2011, a probation compliance search turned up two narcotics pipes in defendant's belongings at her registered address.  Defendant pleaded guilty to a misdemeanor offense of possession of drug paraphernalia and was granted drug diversion.  Defendant failed to report the matter to her probation officer.

In response to the violation of probation petition, defendant requested termination of Riverside County's probation jurisdiction, because she was incarcerated in San Bernardino County on a new offense.  She waived her personal presence at the revocation proceeding.

In May 2013, the People filed a second petition for violation of probation, reciting that defendant had been arrested in San Bernardino County for possession of methamphetamine.  At the hearing on the petitions to violate defendant's probation, the trial court revoked defendant's probation, and sentenced her to the middle term of two years on count 1, plus one year for the prison term prior, for a total determinate term of three years, to be served in local custody in the Riverside County jail, or any penal institution.

Defendant filed a timely notice of appeal.  The notice of appeal alleged that the ground of appeal arose from the sentence or other matters occurring after the plea that did not affect the validity of the plea.

## ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has now filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and an abbreviated summary of the facts, but no substantive arguments. Counsel has requested the court to undertake an independent review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, which she has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. Appointed appellate counsel did suggest that this court consider the question whether the trial court abused its discretion in selecting the middle term of two years as the appropriate sentence in defendant's case. However, the trial court enjoys broad discretion in making its sentencing choices, and these choices will be affirmed unless there is a clear showing that the trial court's actions were arbitrary or irrational. (*People v. Golliver* (1990) 219 Cal.App.3d 1612, 1616.) In the absence of a clear showing of error, the trial court's selection of the middle term of two years is affirmed.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                J.

We concur:

HOLLENHORST_____
            Acting P. J.

KING_____
            J.